The final case on the call this morning is number 122556, American Family Insurance v. Krop, agenda number 15. Counsel, you may proceed. Good morning, Your Honors. My name is Keith Swofford, and I represent Andy Varga, who is an American family sales agent who sold a homeowner's policy to the third-party plaintiffs, Mr. and Mrs. Krop. The Krops allege that Mr. Varga negligently failed to procure the coverage that they requested, and that's the basis for their lawsuit, and the issue in this case is when the statute of limitations began on their claim. The trial court held the suit was untimely, and the appellate court reversed. The trial court applied a long-standing traditional rule that when a cause of action is found unbreached when the tort is found – when the tort, in this case, the negligent procurement of the insurance policy is found on a breach of contract, that the cause of action accrues when the contract is breached, and that would have been in March of 2012 when the policy was delivered to the Krops, and they did not sue for the breach until September of 2015, which was more than two years, which was the length of the statute of limitations. The reason for this traditional rule, that is, that the cause of action accrues when the contract is breached, is that the parties have an obligation to know what's in their contract, that otherwise the length of the statute of limitations is indeterminate and can go on and on and on until something occurs. The parties have an obligation to mitigate their damages. As a practical matter, the effect of the appellate court opinion here is that you never knew when the cause of action was going to accrue. So the appellate court here, the Krops alleged that they didn't discover their cause of action until they were sued in an underlying case and they found they didn't have coverage. The appellate court here, however, totally put aside the discovery rule at all and said the cause of action didn't accrue until they were damaged. Under the appellate court's opinion, therefore, the insurer can delay bringing suit even though he may have known from day one that he got a policy that was inadequate and defective. So the appellate court has in effect extended the statute of limitations indefinitely. Somebody can buy a policy, it could be inadequate or whatever. Somebody can enter into a contract, it could be defective. He can just stand mute and wait forever until the unfortunate event happens before he sues. And that is just contrary to all prior cases. Before I go any further, the threshold issue, and this should be a matter of policy, that the court has to address is whether or not a party has a duty to know what's in his contract or to look at his contract or look at his policy and see what's in it. I mean, I know it's inconvenient to look at your insurance policy and to read your insurance policy. But in effect, the appellate court resolved and insured from any obligation to look at his policy whatsoever. And it just seems to me... Would this deficiency in this case have been noticeable on the face of the policy? It would have been, yes. This policy, the crops asked for a policy from American Family that provided the same coverage as their prior traveler's policy. And had they looked at their policy, they would have seen that this new policy provided coverage for bodily injury and property damage. And their prior traveler's policy provided coverage for personal injury, property damage and... Did it have libel and slander in it? Pardon? Did it have libel and slander in it? Specifically... I'm going to read from the policy, if you don't mind. It provided coverage for bodily injury, personal injury and property damage. Bodily injury, personal injury and property damage. The American Family did not provide coverage for personal injury. Personal injury is defined as liability for defamation and invasion of privacy. And that's what the American Family policy on its face did not provide coverage for. All they had to do was read 19 pages. Okay, I should say only 19 pages of the traveler's policy. 16 pages of the American Family policy. But the liability coverage is here clearly in this one section of the traveler's policy. And in the American Family, there's an index, the whole policy. And it says right here, liability coverage is page 9. And it's on page 9. It says coverages. It says bodily injury and property damage. I mean, it's not... It's inconvenient to read these policies, but they're not written in the foreign language. They're not written in legalese. And in effect, the appellate court really dissolved and insured of any obligation to read the policy. Because it just made the cruel cause of action triggered by when the injury occurs, the damages occur. The damages occur being a denial of coverage, which in this case happened three years after the policy was issued. It could have happened ten years after the policy was initially issued. Perhaps they've renewed this policy in 2013, 2014, 2015. I mean, I don't know if they've continued to renew it now or, you know, up to date or not. But they can renew it forever. And it just depends on, you know, when they're damaged. Is there anything specific about the legislative provision in 13-214.4 that would lead us to conclude whether or not the discovery rule should apply or shouldn't apply? Well, you know, I don't... I'm not arguing that the discovery rule should never be applied. There are circumstances in which the discovery rule can be applied. I mean, if they didn't get it, if they weren't notified for some reason of a change in coverage or an exclusion, or if the policy was so complicated it was misleading, which they didn't allege. If you go to their third-party complaint, I mean, they don't allege that, oh, we read the policy and we were confused and we didn't understand it. They allege that the traveler's policy said what I finally read, rather than sell me over my words, and the American family policy said this other thing, because it's just as clear as can be. I mean, they take the position. They never said we read it and didn't understand it. They're taking the position that it's too difficult and it's too inconvenient to read the policy. There could be a situation like in that Scottsdale Lakeside case where perhaps it was just too confusing and discovery might apply. We've never taken the position that discovery can't apply. It just doesn't apply in this case. The appellate court took the position that cause of action doesn't accrue until there's damages, and just threw discovery right out the window. So it's kind of a... Is there need to be additional fact-finding on when the crops knew or should have known? There was no fact-finding at all. That was another problem with the appellate court opinion. They merely... The crops went to the appellate court, urging the discovery rule, saying that the policy was... How can we be expected to understand and be able to predict? I don't want to put words in their mouth. They can go on and explain it, but I'm just stating their position.